| | |
|---|---|
| 1  | Todd M. Friedman (SBN 216752) |
| 2  | Adrian R. Bacon (SBN 280332) |
|    | LAW OFFICES OF TODD M. FRIEDMAN, P.C. |
| 3  | 21550 Oxnard St., Suite 780 |
| 4  | Woodland Hills, CA 91367 |
|    | Phone: 323-306-4234 |
| 5  | Fax: 866-633-0228 |
| 6  | tfriedman@toddflaw.com |
|    | abacon@toddflaw.com |
| 7  | *Attorneys for Plaintiff* |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THANE CHARMAN**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **TRINITY SOLAR INC.**; DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. **'21CV1423 BAS KSC** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 ET SEQ.] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, THANE CHARMAN ("Plaintiff"), individually and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.   Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of TRINITY SOLAR INC.

**CLASS ACTION COMPLAINT**
-1-

("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.  Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's claims arise out of a law of the United States, the TCPA.

3.  Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4.  Plaintiff, THANE CHARMAN ("Plaintiff"), is a natural person residing in San Diego County of the state of California and is a "person" as defined by 47 U.S.C. § 153(10).

5.  Defendant, TRINITY SOLAR INC. ("Defendant"), is a solar energy company formed in New Jersey, with its principal place of business located in Wall, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(10).

6.  The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.  Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. During or about November 19, 2020, Defendant contacted Plaintiff on his cellular telephone, (619) 300-1119, in an effort to sell or solicit its services.

9. When Plaintiff answered Defendant's call by saying "Hello," there was a momentary pause and a "bloop" sound before Plaintiff heard another voice.

10. Plaintiff suspected that the caller was not a live agent, so he asked the caller to say the word "giraffe," in order to determine whether he was speaking to a human being and not a prerecorded voice message.

11. In response, the caller nervously laughed before going silent. Plaintiff then said "hello?" which elicited the exact same nervous laugh.

12. Later in the call, the caller named a few companies that would be contacting Plaintiff for his "free home solar consultation," which included Defendant, TRINITY SOLAR INC.

13. The caller further stated, "just so you know these local installer partners may use an automatic dialing system just like what I've used today to contact you at this number."

14. Based on the above factual allegations, Defendant used an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to sell or solicit its services, as the pause and tone that Plaintiff heard at the outset of Defendant's call is indicative of an ATDS.

15. Further, Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A) during the call.

16. Defendant's call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

17. Defendant's call was placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to

47 U.S.C. § 227(b)(1).

18. Plaintiff is not a customer of Defendant's services and never provided any personal information, including his cellular telephone number, to Defendant prior to Defendant's call. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

19. Plaintiff suffered a concrete and particularized injury in fact as a result of the solicitation call he received. The call invaded Plaintiff's privacy, causing annoyance, wasting his time, consuming use of his smartphone device without authorization, and otherwise invading his privacy and intruding into his personal affairs without permission. The call also constituted a form of the precise harm that Congress was attempting to prohibit with the TCPA, which was designed to remedy invasions of privacy and nuisances caused to Americans by automated telemarketing calls placed without consent. Plaintiff actually suffered this precise injury by receiving the unwanted telemarketing call, and having his privacy so invaded through a disturbance of his solitude, and unwanted intrusion of his technology and personal space. Accordingly, Plaintiff has Article III standing to seek redress for these violations in Federal Court.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint through the date of class

certification.

21. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint through the date of class certification.

22. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

23. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

24. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

25. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

      a.    Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

      b.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

      c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

26. As a person that received a call from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

27. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

28. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

29. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such

adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

30. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et seq.*

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et seq.*

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et*

*seq.*

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227 *et seq.***

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227 *et seq.***

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

- Any and all other relief that the Court deems just and proper.

39. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 9th day of August, 2021.

                LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                By:  /s Todd M. Friedman
                         Todd M. Friedman
                         Law Offices of Todd M. Friedman
                         Attorney for Plaintiff