1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN,<br><br>                              Plaintiff,<br><br>    v.<br><br>TRINITY SOLAR, INC. *et al.*,<br><br>                         Defendants. | Case No. 21-cv-01423-BAS-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S** *Ex Parte* **MOTION TO EXTEND TIME TO RESPOND TO MOTION (ECF No. 15); AND**<br><br>**(2) GRANTING PLAINTIFF'S** *Ex Parte* **MOTION FOR LEAVE TO FILE ELECTRONICALLY (ECF No. 16).** |

Pending before the Court are *pro se* Plaintiff Thane Charman's *ex parte* motions for extension of time to respond to Defendant's motion to dismiss and leave to file electronically.  (ECF Nos. 15, 16.)

As an initial matter, all *pro se* litigants and counsel filing *ex parte* motions must comply with Civil Local Rule 83.3(g), which requires all *ex parte* motions be supported by

- 1 -

affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

Civ. L.R. 83.3(g); Judge Bashant's Standing Order for Civil Cases ¶ 6. Here, Plaintiff has not submitted any declaration or affidavit in support of his motions. However, the Court will excuse the noncompliance this one time, for the sake of efficiency and considering that it is the *pro se* Plaintiff's first attempts to file *ex parte* motions in this matter. Going forward, Plaintiff shall adhere to the procedures set forth in this district's local rules and this Court's Standing Order.

### **Motion to Extend**

*Ex parte* relief may be granted where, as here, "the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion," such as extending time to file a brief. *See In re ConAgra Foods, Inc.*, No. CV1105379MMMAGRX, 2014 WL 12580052, at *2 (C.D. Cal. Dec. 29, 2014) (holding that while "opportunities for legitimate *ex parte* applications are extremely limited," a party seeking a routine procedural order is one instance where the limited use of the relief is allowed). Here, Defendant Trinity Solar Inc. filed its Rule 12(b)(6) motion to dismiss with a noticed hearing date of January 10, 2022. (ECF No. 13.) Under this district's Local Rules, Plaintiff was required to file his opposition to the motion on or before December 27, 2021. Civ. L.R. 7.1(e)(2) (requiring opposition to be filed fourteen days before the noticed hearing date). The Court granted Plaintiff's counsel's motion to withdraw on January 4, 2022. (ECF No. 14.) On January 5, 2022, Plaintiff filed the present *ex parte* motion to extend time to respond to the motion. (ECF No. 15.) Although Plaintiff's deadline to oppose the motion has already passed, he represents that his replacement counsel of choice has been impacted by COVID-19 and Plaintiff is seeking to find another replacement counsel. (*Id*.) Good cause appearing, the

1   Court **GRANTS** the *ex parte* motion to extend.  **On or before January 31, 2022,** Plaintiff

2   **SHALL** file any opposition to Defendant's motion to dismiss.

3

4   **Motion to File Electronically**

5   Plaintiff also moves for Court's leave to use the Court's CM/ECF filing system to

6   electronically file documents and receive electronic notice of case-related transmissions.

7   (ECF No. 16.)  Plaintiff has sufficiently stated that he agrees to follow all rules and policies

8   governing this district's ECF Administrative Policies and Procedures[1] and that he has

9   access to the necessary equipment and software capabilities to electronically file

10  documents.  (*Id.*)  The Court thus **GRANTS** Plaintiff's *ex parte* motion to file documents

11  and receive notifications in this action using the Court's CM/ECF system.  **On or before**

12  **January 14, 2022,** Plaintiff must register as a CM/ECF user with the Clerk's Office.

13  Should Plaintiff retain counsel, the leave shall be revoked automatically without a further

14  order, and only Plaintiff's counsel shall be allowed to electronically file documents in this

15  matter.

16

17  **IT IS SO ORDERED.**

18

19  **DATED: January 6, 2022**

20  Hon. Cynthia Bashant
    United States District Judge

21

22

23

24

25

26

27

28

---

[1] Available at https://www.casd.uscourts.gov/attorney/filing-procedures.aspx.

- 3 -

21cv1423