Thane Charman

Thane Charman Pro Se

2270 Boundary St

San Diego, CA 92104

Telephone: (619) 300-1119

Email: Thane@ThaneMckane.com

Pro Se, Plaintiff Thane Charman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual and on behalf of all others similarly situated,, <br><br>Plaintiff, <br><br>v. <br><br>TRININTY SOLAR, INC.; INC., et al.,, <br><br>Defendant. | Case No.: 3:21-cv-01423-BAS-KSC <br><br>**CLASS ACTION** <br><br>FIRST AMENDED COMPLAINT FOR : <br>1. NEGLIGENT VIOLATIONS OF: THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 ET SEQ.] <br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 ET SEQ.] <br><br>HEARING DATE: MARCH 14,2022 <br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT <br><br>JURY TRIAL DEMANDED |

Plaintiff, THANE CHARMAN ("Plaintiff"), individually and all others

1

similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of TRINITY SOLAR INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's claims arise out of a law of the United States, the TCPA.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff, THANE CHARMAN ("Plaintiff"), is a natural person residing in San Diego County of the state of California and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, TRINITY SOLAR INC. ("Defendant"), is a solar energy company formed in New Jersey, with its principal place of business located in Wall, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(10).

6. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or

employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. During or about November 19, 2020, at approximately 9:54 AM PST Defendant contacted Plaintiff on his cellular telephone, (619) 300-1119, in an effort to sell or solicit its services.

9. When Plaintiff answered Defendant's call by saying "Hello," there was a momentary pause and a "bloop" sound before Plaintiff heard another voice.

10. Plaintiff suspected that the caller was not a live agent, so he asked the caller to say the word "giraffe," in order to determine whether he was speaking to a human being and not a prerecorded voice message.

11. The sound of the software recalibrating when asked to say giraffe was plain to hear.

12. In response, the caller nervously laughed before going silent. Plaintiff then said "hello?" which elicited the exact same nervous laugh.

13. The defendant software qualifies plaintiff with four questions A. do you own your own home.  B. what is your monthly bill.  C. what is credit score.  D who is electrical provider.

14. Later in the call, the caller named a few companies that would be Contacting Plaintiff for his "free home solar consultation," which included Defendant, TRINITY SOLAR INC.

15. Defendant caller states that I will receive a call back from a solar company in around 24 hours

16. That same day November 19, 2020 at approximately 11:04 AM PST (1 hour 15 min +/- from the original marketing call) plaintiff received a call from an individual calling themselves Kim from trinity solar.

17. Kim states that she understands that defendant is interested in learning more about solar.

18. Plaintiff states is this in regard to the call I received earlier today.

19. Kim answers yes that was our marketing team that reached out to you. And that's how I got your information.

20. Kim states she has the following information. My home address, Cell phone number, and sees the credit score I reported to the previous call.

21. On the same day November 19, 2020 at 11:05 AM PST defendant receives an email from a Kimberley Hanichak with the insides sales team of trinity solar recapping the conversation with plaintiff

22. Defendant has previously been involved it two know TCPA Law suits.

23. Defendant is aware of the TCPA and has made the placement of TCPA violating phone calls a standard business practice.

24. The Defendant is aware of the statutory penalties of the TCPA, but continues to violate the laws because it benefits the Defendant financially.

25. Based on the above factual allegations, Defendant used an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to sell or solicit its services, as the pause and tone that Plaintiff heard at the outset of Defendant's call is indicative of an ATDS.

26. Further, Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A) during the call.

27. Defendant's call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

28. Defendant's call was placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

29. Plaintiff is not a customer of Defendant's services and never provided any personal information, including his cellular telephone number, to Defendant prior to Defendant's call. Accordingly, Defendant never received Plaintiff's "prior

express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A).

30. Plaintiff suffered a concrete and particularized injury in fact as a result of the solicitation call he received. The call invaded Plaintiff's privacy, causing annoyance, wasting his time, consuming use of his smartphone device without authorization, and otherwise invading his privacy and intruding into his personal affairs without permission. The call also constituted a form of the precise harm that Congress was attempting to prohibit with the TCPA, which was designed to remedy invasions of privacy and nuisances caused to Americans by automated telemarketing calls placed without consent. Plaintiff actually suffered this precise injury by receiving the unwanted telemarketing call, and having his privacy so invaded through a disturbance of his solitude, and unwanted intrusion of his technology and personal space. Accordingly, Plaintiff has Article III standing to seek redress for these violations in Federal Court.

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint through the date of class certification.

32. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint through the date of class certification.

33. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

34. The Class is so numerous that the individual joinder of all of its

members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

35. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

36. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

37. As a person that received a call from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

38. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

39. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

40. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such nonparty Class members to protect their interests.

41. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-41.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff and the Class members are also entitled to and seek

7

injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

46. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-41.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

48. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

Negligent Violations of the Telephone Consumer Protection Act
47 U.S.C. § 227 et seq.
- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B); and
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION
Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.
- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for

each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and
- Any and all other relief that the Court deems just and proper.

50. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 27th day of January, 2022.

                      Thane Charman Pro Se

                      By: /s Thane Charman
                      Thane Charman
                      Pro Se
                      Plaintiff

9

3:21-cv-01423-BAS-KSC

DECLARATION OF Thane Charman

I, Thane Charman, declare:

1. I am the Pro Se Plaintiff in the Class Action

THANE CHARMAN, individual and on behalf of all others similarly situated,,

THANE CHARMAN,

v.

TRININTY SOLAR, INC.; INC., et al.,,

Case No.: 3:21-cv-01423-BAS-KSC

2. I am over the age of 18 years and a resident of San Diego County. I have firsthand knowledge of the matters of fact stated herein. If called as a witness, I could and would testify competently to such facts under oath.

3. Mr. Charman has made good faith efforts to speak via telephone with opposing counsel in effort to resolve differences with opposing counsel regarding First Amended Complaint.

4. Starting on January 18, 2022 I communicated on multiple occasions via email with Sean P. Flynn, counsel of record for Defendant TRINITY SOLAR, INC. in the matter of First Amended Complaint.   Mr. Flynn indicated that he and his client would not oppose Thane Charman's Pro Se, First Amended Complaint. I received this information January 25, 2022, and I have promptly communicated to Mr. Flynn and informed him that I, Thane Charman, Pro Se, will be filing the First Amended Complaint on January 31, 2022.

I declare under penalty of perjury under the laws of the state of California and the United States that the foregoing is true and correct.

Executed on January 29, 2022 26, 2010 in San Diego, California.

Thane Charman Pro Se

By: /s Thane Charman

Thane Charman

Pro Se

Plaintiff